NOT FOR PUBLICATION; FOR UPLOAD TO WWW.VID.USCOURTS.GOV

---

**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

---

|  |  |
|---|---|
| **JUAN FRANCISCO LIZARDO,** ) | D.C. CV. No. 2002/0155 |
| Petitioner, ) | 28 U.S.C. § 2255 |
| ) | |
| v. ) | Ref.: D.C. CR. NO. 1998/001-3 |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| Respondent. ) | |
| _____ ) | |

**Copies to:**
    Geoffrey W. Barnard, Magistrate Judge
    Juan Francisco Lizardo, Reg. No. 04354-094, FCI Edgefield,
        Federal Correctional Institution, P.O. Box 725,
        Edgefield, SC 29824 (Please Mark: "LEGAL MAIL: OPEN IN
    PRESENCE OF INMATE ONLY")
    Anthony Jenkins, US Attorney
    Nelson L. Jones, AUSA

---

**MEMORANDUM OPINION**

---

GÓMEZ, C.J.

    Petitioner Juan Francisco Lizardo is before the Court on a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence,[1] and his supplemental memorandum which was filed *pro se* in January 2006 in support of his § 2255 motion. Because the arguments in the supplemental memorandum relate back to the *Apprendi* line of arguments in Lizardo's initial § 2255 motion, the Court will accept Lizardo's supplemental filing. The Government

---

    [1] Although Mr. Lizardo's motion under 28 U.S.C. § 2255 was filed by counsel, Luis Rafael Rivera, Esq., he is now proceeding *pro se*.

*Francisco Lizardo v. USA*
D.C. CV. NO. 2002/001
Memorandum Opinion
Page 2

did not respond to the instant petition, despite the Court's order

to respond.

## I.   FACTS AND PROCEDURAL HISTORY

Because this opinion is written solely for the parties, only

those facts relevant to this discussion will be recited.

Petitioner Juan Francisco Lizardo was found guilty of conspiracy to

possess with intent to distribute cocaine in violation of 21 U.S.C.

§ 846; conspiracy to import cocaine into the United States in

violation of 21 U.S.C. § 963; and possession with intent to

distribute in violation of 21 U.S.C. § 841(a)(1).   Lizardo was

sentenced to a 320-month tem of imprisonment on each count to run

concurrently.    Lizardo's conviction was affirmed on appeal.[2]

*United States v. Lizardo*, 250 F.3d 736 (3d Cir.), *cert. denied*, 534

U.S. 897 (2001).

Lizardo  now argues in this § 2255 motion that he was denied

effective assistance of counsel.  He specifically contends that his

trial counsel, Karin A. Bentz, Esq., deprived him of his

constitutional right to testify on his own behalf, and failed to

request a jury instruction and findings of fact as to the drug

---

[2]        On appeal, Lizardo argued that: (1) the trial court incorrectly
denied appellant's motion to suppress; (2) there was no probable cause to
arrest appellant; (3) there was no substantial evidence to support the jury's
verdict viewing the evidence in the light most favorable to the Government;
(4) the use of non-certified translators was a violation of federal statute
and it resulted in an unfair trial; (5) there was a *Brady* violation in the
Government's failure to present the photo array; (5) and the admission of Lt.
Villanueva's testimony was not harmless error.

*Francisco Lizardo v. USA*
D.C. CV. NO. 2002/001
Memorandum Opinion
Page 3

quantity that should be attributable to him.   Then, in his supplemental memorandum in support of this § 2255 motion, Lizardo argues that his Fifth Amendment right to due process and Sixth Amendment right to notice and trial by jury were violated when he was sentenced for a drug quantity that was not submitted to the jury for a finding beyond a reasonable doubt.   Lizardo's final claim is the trial judge established his term of imprisonment under the mandatory Sentencing Guidelines that have been declared unconstitutional, and this unconstitutional sentence must be vacated.

## II.  DISCUSSION

To prevail in a § 2255 motion alleging constitutional error, a petitioner must establish an error of constitutional magnitude which had a "substantial and injurious effect or influence" on the proceedings.  *See Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993); *see also Petersen v. United States*, No. CV. 1998/0066, 2003 WL 22836477, at *2 (D.V.I. Nov. 24, 2003).  Even an error that may justify a reversal on direct appeal will not necessarily sustain a collateral attack.  *See United States v. Addonizio,* 442 U.S. 178, 184-85 (1979).

Claims of ineffective assistance of counsel must satisfy the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668

*Francisco Lizardo v. USA*
D.C. CV. NO. 2002/001
Memorandum Opinion
Page 4

(1984).  First, a petitioner must show that, considering the facts of the case, his counsel's challenged actions were unreasonable. *Id.* at 690.  The Court must review a petitioner's claim under the "strong presumption that the counsel's conduct falls within the wide range of reasonable professional assistance; that is, [petitioner] must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"  *Id.* at 688.  Second, the petitioner must show that he was prejudiced by counsel's conduct in that there is a "reasonable probability" that deficient assistance of counsel affected the outcome of the proceeding at issue.  *Id.* at 694-95. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686, 104 S.Ct. 2052.

The court has reviewed Lizardo's motion, as well as the record, and concludes that an evidentiary hearing is not required. 28 U.S.C. § 2255; *United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005) (denying a petitioner's request for an evidentiary hearing is an abuse of discretion when files and records of case conclusively establish movant is entitled to relief); *Cf. United States v. Booth*, 432 F.3d 542, 550 (3d Cir. 2005) (concluding that district court erred in denying defendant's habeas petition without

*Francisco Lizardo v. USA*
D.C. CV. NO. 2002/001
Memorandum Opinion
Page 5

holding an evidentiary hearing where defendant had "raised sufficient allegations that his trial counsel deprived him of the opportunity to make a reasonably informed decision regarding whether to change his plea or proceed to trial because his trial counsel failed to inform him that he could enter an open plea"); *United States v. Dawson,* 857 F.2d 923, 928 (3d Cir. 1988) ("If a nonfrivolous claim clearly fails to demonstrate either deficiency of counsel's performance or prejudice to the defendant, then the claim does not merit a hearing.").

**III. ANALYSIS**

**A.  Counsel's alleged failure to advise Lizardo of his right to take the stand on his own behalf at trial.**

Lizardo argues that he was convinced before trial that he would testify on his own behalf, and informed his counsel of that decision.  However, counsel allegedly informed him that his testimony was unnecessary, and, despite his insistence, counsel unilaterally decided not to allow him to testify.  Therefore, Lizardo argues that he was forced to unknowingly and involuntarily waive his right to testify.

The right of a criminal defendant to testify on his or her own behalf at trial is deeply rooted in the Constitution.  *United States v. Pennycooke,* 65 F.3d 9, 10 (3d Cir. 1995); *Rock v.*

*Francisco Lizardo v. USA*
D.C. CV. NO. 2002/001
Memorandum Opinion
Page 6

*Arkansas,* 483 U.S. 44, 49-53 (1987).  "The right is personal and can be waived only by the defendant, not defense counsel." *United States v. Leggett,* 162 F.3d 237, 245 (3d Cir. 1998), *cert. denied,* 528 U.S. 868 (1999) (citing *Pennycooke,* 65 F.3d at 10).

The instant § 2255 motion was filed by counsel, albeit not trial counsel.  Nonetheless, Lizardo has done nothing more than baldly assert that his trial counsel refused to allow him to testify.  He makes no attempt to assert what he would have testified and how he would have refuted the government's evidence, had he been properly been advised and allowed to testify.  This Court's review of the record leads to the conclusion that even if the Court were to assume, solely for the sake of argument, that counsel's actions fell below an objective standard of unreasonableness under the first prong of *Strickland*, Lizardo would fail under the second prong.  Lizardo has failed to demonstrate a reasonable probability that the result of the proceeding would have been different had he testified.  *See Strickland,* 466 U.S. at 694, 104 S.Ct. 2052.  Based upon the record, Lizardo has failed to persuade this Court that counsel provided constitutionally deficient assistance under the framework established in *Strickland*. *See Jones v. U.S.*, 131 Fed. Appx. 819, 821 (3d Cir. 2005).

**B.  Failure to request a jury instruction and findings of fact as to the drug quantity attributable to Lizardo.**

*Francisco Lizardo v. USA*
D.C. CV. NO. 2002/001
Memorandum Opinion
Page 7

Lizardo contends that the judicial finding at sentencing of his base offense level of 38 is inappropriate because the corresponding facts necessary to support such a finding, namely the drug quantity, were not determined by the jury.  He also contends that the indictment failed to make additional reference to the penalty statute, section 841(b)(1)(A).  (Mem. of Law in Support of 2255 at 4-5.)  Lizardo, therefore, argues that his sentence was increased beyond the prescribed statutory maximum.[3]

Although couched in terms of an ineffective of assistance of counsel claim, Lizardo's argument here is based squarely upon the Supreme Court's holding in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *United States v. Booker,* 543 U.S. 220 (2005),[4] and by extension *Blakely v. Washington,* 542 U.S. 296 at 303 (2004).  It is well-settled in this Circuit, and others, that the rules announced in *Apprendi*, *Booker* and *Blakely* are not applicable retroactively to cases on collateral review.  *See generally In re Olopade,* 403 F.3d 159 (3d Cir. 2005) (finding that the Supreme Court's decision in *Booker* does not apply retroactively to cases that became final on

---

[3]     *See Blakely v. Washington,* 542 U.S. 296 at 303, 124 S.Ct. 2531 (2004) ("[T]he 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict *or admitted by the defendant."* (some emphasis omitted)).

[4]     In *United States v. Booker,* 543 U.S. 220 (2005), the Supreme Court applied the rule of *Apprendi* to the U.S. Sentencing Guidelines, holding that the Guidelines are not mandatory, but are merely advisory.

*Francisco Lizardo v. USA*
D.C. CV. NO. 2002/001
Memorandum Opinion
Page 8

direct review prior to January 12, 2005, the date *Booker* issued);

*Lloyd v. United States,* 407 F.3d 608 (3d Cir.), *cert. denied,* 126

S.Ct. 288 (2005) (holding that neither *Blakely* nor *Booker* indicate

that a new, retroactive, rule of constitutional law was announced

by the Supreme Court); *United States v. Swinton,* 333 F.3d 481 (3d

Cir.), *cert. denied,* 540 U.S. 977 (2003) (holding that *Apprendi*

does not apply retroactively to cases on collateral review).

Because the *Apprendi* line of Supreme Court cases are not to be

applied retroactively, this Court is barred from considering the

two issues raised in Lizardo's January 2006 supplemental

memorandum.[5]

    The question before this Court is whether trial counsel was

ineffective, under the framework established in *Strickland*, in

failing to request a jury instruction and findings of fact as to

the drug quantity attributable to Lizardo.  In light of the fact

that the holdings in *Apprendi* and its progeny do not apply

retroactively, the Court is also mindful not to impose those

holdings retroactively in reviewing the performance of trial

counsel.  The Court has reviewed this record, and simply cannot

---

[5]     Lizardo's supplemental motion raises the following issues: (1)
that his Fifth Amendment right to due process and Sixth Amendment right to
notice and trial by jury were violated when he was sentenced for a drug
quantity that was not submitted to the jury for a finding beyond a reasonable
doubt; and (2) that the trial judge established his term of imprisonment under
mandatory Sentencing Guidelines that have been declared unconstitutional, thus
his unconstitutional sentence must be vacated.

*Francisco Lizardo v. USA*
D.C. CV. NO. 2002/001
Memorandum Opinion
Page 9

find that trial counsel's performance on this issue fell "outside the wide range of professionally competent assistance." *Strickland,* 466 U.S. at 690.   To decide otherwise would be to ignore the deference we are required to give to trial counsel's decisions.  *See Strickland,* 466 U.S. at 689.  Having failed on the first prong of Strickland, the Court need not proceed to an analysis of the second prong.


**IV.  CONCLUSION**

     For the reasons set forth above, Lizardo's motion under 28 U.S.C. § 2255 will be denied.   An appropriate order follows.


**DATED:** January 25, 2008            **E N T E R:**


                                   s/_____
                                     **CURTIS V. GÓMEZ**
                                     **CHIEF JUDGE**